IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHYNA J. MITCHELL,

      **Plaintiff,**

  v.                                            Civil Action 2:18-cv-747
                                                Judge James L. Graham
                                                Magistrate Judge Jolson

THE COLUMBUS URBAN LEAGUE, et al.,

      **Defendants.**

JOSELYN PARKER,

      **Plaintiff,**

  v.                                            Civil Action 2:18-cv-748
                                                Judge James L. Graham
                                                Magistrate Judge Jolson

THE COLUMBUS URBAN LEAGUE, et al.,

      **Defendants.**

## ORDER

      This matter came before the Court for a telephonic conference on September 9, 2020 to discuss the parties' outstanding discovery disputes. Among others, the parties raised the issue of whether depositions should be conducted in-person or remotely. The Court directed the parties to meet and confer regarding this issue, but they were unable to resolve their disagreement.

      Defendants seek to conduct the depositions of Plaintiffs in-person. Due to health concerns related to the COVID-19 pandemic, Plaintiffs maintain that all depositions should be conducted remotely.

This issue has arisen with increasing frequency in this Court and other federal courts around the country. To the best of the Court's knowledge, no other federal court has compelled parties or witnesses to participate in an in-person deposition during the COVID-19 pandemic. As one district court in this Circuit recently explained, "it is quite clear that in-person depositions can impose an unreasonable burden on witnesses, parties, and lawyers during this pandemic." *Faford v. Grand Trunk W. R.R. Co.*, No. 19-10523, — F.R.D. —, 2020 WL 4890413, at *2 (E.D. Mich. July 28, 2020) (citing *Joffe v. King & Spalding, LLP*, No. 17-3392, 2020 WL 3453452, at *8 (S.D.N.Y. June 24, 2020)). "In fact, depositions by videoconference have emerged as the preferred method of coping with the complications and perils this pandemic has wrought." *Faford*, 2020 WL 4890413, at *2 (citing *Damron v. Liberty Mut. Ins. Co.*, No. 19-11497, 2020 WL 3071850, *1 (E.D. Mich. June 10, 2020)); *see also H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095, 2020 WL 5512517, at *2 (D. Minn. Sept. 14, 2020) (internal citations and quotations omitted) ("Remote depositions are the best safeguard against COVID-19 because even social distancing does not guarantee a safe deposition environment. Remote depositions entirely eliminates the safety concerns of transmission between participants."); *Fouad v. Milton Hershey Sch. & Tr.*, No. 1:19-CV-253, 2020 WL 4228278, at *1 (M.D. Pa. July 23, 2020) (collecting cases) ("In light of the COVID-19 pandemic, courts and attorneys across the country have had to face the new reality of our world which involves social distancing, wearing face coverings, taking remote depositions, and conducting remote court proceedings … [I]n consideration of this altered world in which we live, courts across the country have ordered that video depositions be conducted in lieu of in-person discovery proceedings, finding that the risks presented by COVID-19 convey good cause to conduct remote depositions."); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, No. 19-CV-00660, — F.R.D. —, 2020 WL 3250723, at *3 (N.D. Ill. June 16, 2020) (ordering

remote depositions based on the health risks posed by COVID-19); *Wilkens v. ValueHealth, LLC*, No. 19-1193-EFM-KGG, 2020 WL 2496001, at *2 (D. Kan. May 14, 2020) (noting that "[v]ideo or teleconference depositions and preparation are the 'new normal' and most likely will be for some time").

The Court agrees with this approach, particularly given that the case has been pending for two years. There is no indication that the health risks posed by the COVID-19 pandemic are going to be reduced significantly in the near future. The parties need to complete these depositions expeditiously, and the use of videoconferencing technology is the best means of doing so.

Therefore, the parties are **ORDERED** to conduct their depositions remotely. At the telephonic conference, Defendants expressed concern that remote depositions would be difficult due to the document intensive nature of this case. The parties are **ORDERED** to make a good faith effort to complete Plaintiffs' depositions in the time permitted by the Federal Rules. If Defendants are unable to complete their questioning during that allotted time because of the challenges posed by remotely deposing Plaintiffs, the Court expects that Plaintiffs will grant Defendants a reasonable extension of time to complete their questioning. If the parties are unable to agree regarding the need for additional time, the Court will resolve any dispute. Further, counsel, the parties, and any deponents are **ORDERED** to participate in remote depositions from separate locations. For example, Plaintiffs and their counsel are not permitted to be in the same room during Plaintiffs' deposition. Finally, Plaintiffs are directed to make reasonable accommodations to assist defense counsel in conducting remote depositions. If Plaintiffs and their counsel fail to do so, the Undersigned will reconsider this Order.

IT IS SO ORDERED.

Date:  September 15, 2020                              /s/ Kimberly A. Jolson
                                                                                                                  KIMBERLY A. JOLSON
                                                                                                                  UNITED STATES MAGISTRATE JUDGE